STEPHEN M. THOMAS *v.* R. H. CAMPBELL.

It is not necessary to the regularity of a summary proceeding for the enforcement of an agricultural lien under the statute, that a summons should be issued to the defendant.

This was a SPECIAL PROCEEDING, to enforce an agricultural lien under the statute, heard before *Buxton, J.,* at Fall Term, 1875, of the Superior Court of RICHMOND county.

The proceeding was instituted before the Clerk of the Superior Court, no summons or other notice having been served upon the defendant. The plaintiff filed an affidavit and bond in pursuance of the provisions of the statute, and thereupon

the clerk issued a warrant directing the sheriff to seize the crop upon which the lien was given. The sheriff seized the crop and duly advertised the same for sale on the 6th day of December, 1875.

On the 30th day of November, 1876, the Clerk of the Superior Court, at the instance of the defendant's counsel, issued an order to the plaintiffs to appear on that day and show cause why the proceedings should not be dismissed on the grounds :

1. That no summons was issued to the defendant.

2. That the requisites of the statute concerning the claim and delivery of personal property had not been complied with.

3. That the court had not jurisdiction of the subject matter of the action.

Upon the hearing, after argument, the proceeding was dismissed, and the plaintiffs appealed to the Superior Court.

Upon the hearing in the Superior Court, the judgment was affirmed and the plaintiffs appealed.

*Steele & Walker, Busbee & Busbee* and *Cole,* for the appellants.

*Shaw, Hinsdale* and *McNeill & McNeill,* contra.

PEARSON, C. J. His Honor, after some discussion in regard to other points, rests his decision on the ground " a proceeding to enforce a lien on crops must be accompanied with notice to the party affected." By this we suppose his meaning to be a " summons," because that is the first ground upon which the defendant put his motion to dismiss.

By Statute, see Bat. Rev. ch. 65, sec. 19, it is enacted, that any person who makes advances either in money or provisions, to enable a party to make a crop, shall have a lien on the crop, provided an agreement in writing is executed and recorded.

Section 20 gives a summary remedy, if the party who has made the advances, makes affidavit before the Clerk of the Superior Court that the cultivator is about to sell or dispose of the crop, or in any other way is about to defeat the lien, accompanied with a statement of the amount then due. The summary remedy is that the Clerk shall thereupon issue a warrant to the sheriff commanding him to seize the crop, or so much thereof as may be necessary, to satisfy the amount sworn to in the affidavit, and after due advertisement, sell the same for cash, and pay off the debt. The Act then provides that the cultivator, may within thirty days after the sale give notice in writing to the sheriff, accompanied with an affidavit, that the amount claimed is not justly due, whereupon it shall be the duty of the sheriff to hold the proceeds of sale, subject to the decision of the court, upon an issue to be tried at the next term of the Superior Court. The purpose of the statute is to give a summary remedy, where there is reason to believe that the cultivator is attempting to commit a fraud upon the lien of the party who has made the advances. It is clear from a perusal of the statute, that in order to prevent an attempted fraud it was the intent of the law making power to dispense with a summons to the next term of the Superior Court, and to allow the crop or so much thereof as was necessary to satisfy the debt, which is required to be set out in the affidavit, to be seized and sold by summary process—leaving the cultivator to his remedy by civil action in case he was not in default, and also by indictment against the party who makes the affidavit, in case it be false in regard to the fraud charged or in regard to the amount alleged to be due.

There can be no doubt that the General Assembly may in its wisdom, especially to prevent fraud, allow a summary proceeding and dispense with the necessity of a summons to the next term of the Superior Court. As in the case of a summary judgment against securities for an appeal, or for prosecution or for the forthcoming of property in an action for claim and delivery.

See *Harper* v. *Arendell* at this term, furnish full analogies. The cultivator is supposed to know the law as to summary proceedings.

If by using the word "notice" instead of the word " summons," which is the word used by the counsel of the defendant in his first objection, his Honor means, that the clerk had no power to issue the warrant unless notice of the application had been given to the cultivator. The reply is, there is no provision to that effect in the act, and it may be asked, *cui bono ?* As the order is peremptory to the clerk,—issue the warrant provided the proper affidavit is filed. If the cultivator had notice, what could he say before the clerk? That he had not sold or disposed of any of the crop, or otherwise attempted to defeat the lien? In other words, deny the truth of the affidavit. This matter the clerk has no power to try. Nor could he deny the existence of the debt. The clerk had no jurisdiction to try the question, and the act expressly provides a mode for the trial of that issue. Thus it is seen, that to require notice of the application, would defeat the purpose of the act, which is to give a summary remedy in order to prevent fraud upon the lien or statutory mortgage.

It has never been supposed that a Justice had jurisdiction of an action to recover personal property, and the action of a mortgagee, although its ultimate object may be to obtain payment of his debt, has for its immediate object the recovery of the mortgaged property, and is not directly founded on contract, but on the right of possession. The amount of the debt, therefore, cannot affect the jurisdiction. Under our old system a Justice had exclusive jurisdiction of an action on a note of $100 or less, but it was never supposed that he had jurisdiction of an action of replevin or trover to recover property mortgaged.

There is error. This will be certified.

PER CURIAM.                         Judgment reversed.